Aaron S. Jacobs (Cal. State Bar No. 214953)
ajacobs@princelobel.com
James J. Foster (Cal. N.D. Bar No. 553285)
jfoster@princelobel.com
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000

Matthew D. Vella (CA No. 314548)
mvella@princelobel.com
PRINCE LOBEL TYE LLP
410 Broadway Avenue, Suite 180
Laguna Beach, CA 92651

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC USA, INC., UNILOC 2017 LLC and UNILOC LICENSING USA LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BOX, INC., <br><br> Defendant. | Case No.: 3:18-cv-03432-JST <br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs, Uniloc USA, Inc., Uniloc 2017 LLC and Uniloc Licensing USA LLC (together "Uniloc"), as and for their First Amended Complaint against defendant, Box, Inc. ("Box"), allege as follows:

### THE PARTIES

1.     Uniloc USA, Inc. is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024.

2.     Uniloc 2017 LLC is a Delaware corporation having addresses at 1209 Orange Street, Wilmington, Delaware 19801 and 620 Newport Center Drive, Newport Beach, California 92660.

3.     Uniloc Licensing USA LLC is a Delaware corporation having addresses at 1209 Orange Street, Wilmington, Delaware 19801 and 620 Newport Center Drive, Newport Beach, California 92660.

4.     Uniloc is the owner of all substantial rights, title and interest in and to U.S. Patent No. 6,470,345 ("the '345 Patent"), entitled REPLACEMENT OF SUBSTRINGS IN FILE/DIRECTORY PATHNAMES WITH NUMERIC TOKENS that issued on October 22, 2002. A true and correct copy of the '345 Patent was attached as Exhibit A to the original complaint in this case.

5.     Box is a Delaware corporation having a principal place of business at 900 Jefferson Ave., Redwood City, CA 94063, and offers its products and services, including those accused herein of infringement, to customers and/or potential customers located in this District. Box may be served with process through its registered agent for service: Corporation Service Company, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833.

## JURISDICTION AND VENUE

6.     Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Box due, *inter alia*, to Box's continuous presence within, and systematic contacts with, this District, including having its principal place of business in this District. Through its continuous importation of accused products into this District, Box has derived substantial revenues here and has purposefully availed itself of the privileges and benefits of conducting business in this District.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b).

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,470,345)

9.     Uniloc incorporates paragraphs 1-8 above by reference.

10.     Box manufactures, uses, sells, offers for sale and/or imports into the United States the Box content management and file sharing software, including Business, Individual and Enterprise Editions (the "Accused Products"), which replace substrings in file and directory pathnames with tokens by reading a name string to be converted into a list of tokens, canonicalizing a current working directory and the name string to form a pathname that contains a plurality of substrings, parsing the pathname and replacing each substring with an associated token, and validating the parsed pathname containing the list of tokens.

11.     Box has directly infringed, and continues to directly infringe, one or more claims of the '345 Patent in the United States during the pendency of the '345 Patent, including claims 1, 9, 17, 25, 33, and 41 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling and/or importing the Accused Products.

12.     Should use of the Accused Products be found to not literally infringe the asserted claims of the '345 Patent, use of the Accused Products would nevertheless infringe the asserted claims of the '345 Patent. More specifically, the Accused Products perform substantially the same function (replacing substrings in file and directory pathnames with tokens), in substantially the same way (canonicalizing a current working directory and name string to form a pathname containing a plurality of substrings), to yield substantially the same result (validating the parsed pathname containing the list of tokens). Box would thus be liable for direct infringement under the doctrine of equivalents.

13.     Box has indirectly infringed, and continues to indirectly infringe, claims 1, 9, 17, 25, 33, and 41 of the '345 Patent in the United States by, among other things, actively inducing the using, offering for sale, selling and/or importing the Accused Products having the functionality described in this Count. Box's customers who use such the Accused Products in accordance with Box's instructions directly infringe claims 1, 9, 17, 25, 33, and 41 of the '345 Patent in violation of 35 U.S.C. § 271. Box directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.box.com
- https://developer.box.com/reference
- https://community.box.com/t5/Managing-Files-and-Folders/Rename  Files-And-Folders/ta-p/50467
- https://support.myharmony.com/en-us/compatibility

Box is thereby liable for infringement of the '345 Patent under 35 U.S.C. § 271(b).

14.    Box has indirectly infringed, and continues to indirectly infringe, claims 1, 9, 17, 25, 33, and 41 of the '345 Patent in this District and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Products, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '345 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. Box is thereby liable for infringement of the '345 Patent under 35 U.S.C. § 271(c).

15.    Box will have been on notice of the '345 Patent since, at the latest, the service upon Box of the original complaint in this case. By the time of trial, Box will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of 1, 9, 17, 25, 33, and 41 of the '345 Patent.  Despite that knowledge, and as further evidence of its intent, Box has refused to discontinue its infringing acts and has also induced infringement by failing to remove the infringing functionality from the Accused Infringing Devices or otherwise place a non-infringing limit on their use.

16.    Box may have infringed the '345 Patent through other devices and/or software utilizing the same or reasonably similar functionality as the Accused Products. Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

17.    Uniloc has been damaged by Box's infringement of the '345 Patent.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Box as follows:

(A)    declaring that Box has infringed the '345 Patent;

(B)    awarding Uniloc its damages suffered as a result of Box's infringement of the '345 Patent;

(C)    awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(D)    granting Uniloc such further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date:  September 5, 2018                    Respectfully submitted,

                                           */s/ Aaron S. Jacobs*
                                           Aaron S. Jacobs (Cal. State Bar No. 214953)
                                           ajacobs@princelobel.com
                                           James J. Foster (Cal. N.D. Bar No. 553285)
                                           jfoster@princelobel.com
                                           Prince Lobel Tye LLP
                                           One International Place, Suite 3700
                                           Boston, MA 02110
                                           617-456-8000

                                           Matthew D. Vella (CA No. 314548)
                                           mvella@princelobel.com
                                           PRINCE LOBEL TYE LLP
                                           410 Broadway Avenue, Suite 180
                                           Laguna Beach, CA 92651

                                           ATTORNEYS FOR THE PLAINTIFFS

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

3013074.v1