1    John P. Bovich (CA Bar No. 150688)
     jbovich@reedsmith.com
2    Seth B. Herring (CA Bar No. 253907)
     sherring@reedsmith.com
3    REED SMITH LLP
     101 Second Street
4    Suite 1800
     San Francisco, CA  94105-3659
5    Telephone: +1 415 543 8700
     Facsimile: +1 415 391 8269
6
     Attorneys for Defendant BOX, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12   UNILOC USA, INC., UNILOC 2017 LLC and          No.: 3:18-CV-03432 JST
     UNILOC LICENSING USA LLC,
13                                                   **DEFENDANT'S NOTICE OF MOTION
                    Plaintiffs,                      AND MOTION TO DISMISS FOR
14                                                   FAILURE TO STATE A CLAIM UPON
             vs.                                     WHICH RELIEF CAN BE GRANTED**
15   BOX, INC.,
                                                     Hearing Date: October 25, 2018
16                  Defendant.                       Time: 2:00 p.m.
                                                     Location: Courtroom 9
17                                                   Judge: Honorable Jon S. Tigar

18

19

20

21

22

23

24

25

26

27

28

*(left margin, vertical text)* REED SMITH LLP  A limited liability partnership formed in the State of Delaware

No.: 3:18-CV-03432 JST

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

NOTICE OF MOTION ................................................................................................................1

STATEMENT OF REQUESTED RELIEF ................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................1

I.      Statement of Issues ...........................................................................................................1

II.     Statement of Relevant Facts .............................................................................................2

        A.      Uniloc's Failed Litigation Campaigns Against Box ..............................................2

        B.      Uniloc's Amended Complaint ................................................................................3

III.    Argument ...........................................................................................................................6

        A.      Legal Standard For A Motion To Dismiss Under Rule 12(b)(6) ...........................6

        B.      The Amended Complaint Fails To State A Claim For Direct Infringement ...........7

        C.      The Amended Complaint Fails To State A Claim For Inducement ........................8

        D.      The Amended Complaint Fails to State A Claim For Contributory
                Infringement .........................................................................................................11

IV.     Conclusion .......................................................................................................................12

No.: 3:18-CV-03432 MEJ                          – ii –

DEFENDANT'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addiction and Detoxification Inst. L.L.C. v. Carpenter*,
  620 Fed. Appx. 934 (Fed. Cir. 2015)................................................................................11

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009)..........................................................................................................1, 6

*Avocet Sports Tech., Inc. v. Garmin Intl., Inc.*,
  2012 WL 1030031 (N.D. Cal. Mar. 22, 2012)....................................................................7, 10

*Bascom Research LLC v. Facebook, Inc.*,
  No. C 12-6293 SI, 2013 WL 968210 (N.D. Cal. Mar. 12, 2013) ......................................9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................................................1, 6

*Bender v. LG Elecs. U.S.A., Inc.*,
  No. C 09-2114 JF, 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) ....................................7

*In re Bill of Lading Transmission and Processing System Patent Litigation*,
  681 F.3d 1323 (Fed. Cir. 2012)........................................................................... *passim*

*California Inst. of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.*,
  2010 WL 3063132 (N.D. Cal. Aug. 3, 2010) ................................................................8

*Grobler v. Sony Computer Entm't Am. LLC*,
  No. C 12-1526 LHK, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013)................................10

*IPVenture, Inc. v. ASUS Computer Intl.*,
  2013 WL 12173913 (N.D. Cal. May 6, 2013) ...............................................................9

*IpVenture, Inc. v. Cellco P'ship*,
  No. C 10-4755 JSW, 2011 WL 207978 (N.D. Cal. Jan. 21, 2011)................................11

*Lantiq N.A., Inc. v. Ralink Tech. Corp.*,
  2011 WL 2600747 (N.D. Cal. June 30, 2011) ...............................................................7

*Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*,
  No. 1:12-cv-4249, 2012 WL 5966593 (N.D. Ill. Nov. 28, 2012)...................................9, 11, 12

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
  CV 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017).................................2, 8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Power Integrations, Inc. v. Fairchild Semiconductor Intl., Inc.*,
    843 F.3d 1315 (Fed. Cir. 2016)..........................................................................................8, 10

*Radiation Stabilization Solutions, Inc. v. Varian Med. Sys., Inc.*,
    No. 11 C 7701, 2012 WL 3757489 (N.D. Ill. Aug. 28, 2012)..........................................8

*Select Retrieval, LLC v. Bulbs.com Inc.*,
    No. 12-cv-10389-TSH, 2012 WL 6045942 (D. Mass. Dec. 4, 2012)....................................11, 12

*U.S. Ethernet Innovations, LLC v. Netgear, Inc.*,
    2013 WL 4112601 (N.D. Cal. Aug. 12, 2013) ..............................................................10

**Statutes**

35 U.S.C. § 271(c) ...............................................................................................................10

**Rules**

Fed. R. Civ. P. 8(a)(2)...........................................................................................................5

Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S MOTION TO DISMISS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**NOTICE OF MOTION**

2    PLEASE TAKE NOTICE that on October 25, 2018, at 2:00 p.m., or as soon thereafter as this

3  matter may be heard, a hearing on this motion will take place in Courtroom 9, 19th Floor of the

4  United States District Court for the Northern District of California, San Francisco Division, located

5  at 450 Golden Gate Avenue, San Francisco, California, the Honorable Judge Jon S. Tigar presiding.

6  This motion is based on the following documents: this Notice of Motion and Motion, the

7  Memorandum of Points & Authorities; the Complaint in this lawsuit; and all the other papers,

8  documents, or exhibits on file or to be filed in this action, and the argument to be made at the hearing

9  on the motion.

10

**STATEMENT OF REQUESTED RELIEF**

11    Defendant Box, Inc. ("Box") moves the Court for an order dismissing Plaintiff Uniloc USA,

12  Inc., Uniloc 2017 LLC and Uniloc Licensing USA LLC's (collectively, "Uniloc") First Amended

13  Complaint for Patent Infringement [Dkt. No. 18] ("Amended Complaint") for failure to state a claim

14  against Box. *See* Fed. R. Civ. P. 12(b)(6). Uniloc has not pled any of the necessary factual elements

15  required to state a claim for direct infringement, inducement, or contributory infringement. Pursuant

16  to Local Rule 7-2(c), a proposed order is also being filed with this motion.

17

**MEMORANDUM OF POINTS AND AUTHORITIES**

18 I.    **STATEMENT OF ISSUES**

19    Under the Supreme Court holdings in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell*

20 *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint for patent infringement must do more

21  than merely state that the law has been violated—it must plead sufficient facts to identify with

22  particularity the products or services accused of infringement and the factual basis for any claim that

23  such products and services allegedly infringe an asserted patent (here, U.S. Patent No. 6,4710,345

24  ("the '345 patent")). As explained below, courts applying *Iqbal* and *Twombly* to allegations of patent

25  infringement have held that complaints, such as Uniloc's Amended Complaint, which merely state

26  conclusory allegations of infringement without the factual basis for such allegations, should be

27  dismissed pursuant to Rule 12(b)(6). To meet the standard for a claim of direct patent infringement,

28  Uniloc must sufficiently identify the actual accused products and/or services and recite factual

allegations as to how the Accused Products meet the elements of a claim of the '345 patent.  Instead, Uniloc merely paraphrases the claim elements and concludes that Box infringes.  This does not satisfy the *Twombly/Iqbal* standard, and Uniloc's direct infringement allegations should be dismissed.  *See N. Star Innovations, Inc. v. Micron Tech., Inc.*, CV 17-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) ("[A] patentee cannot meet its obligation to assert a plausible claim of infringement under the *Twombly/Iqbal* standard by merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element. That amounts to little more than a conclusory statement that 'Your product infringes my patent claim.'")

Similarly, to support indirect infringement claims—inducement and contributory infringement—the law requires that Uniloc address the elements of those causes of action and plead sufficient facts to show that it has a plausible claim for relief. In particular, a claim of indirect infringement by inducement requires that the defendant act to induce a third party to directly infringe and that the defendant act with specific intent to cause infringement; Uniloc, however, pleads insufficient facts about how Box induces customers to commit direct infringement, how Box specifically intends its consumers to infringe, or how Box's customers directly infringe. Likewise, Uniloc's indirect infringement claim of contributory infringement merely recites the legal elements that an allegedly infringing component must lack substantial non-infringing uses and that the accused infringer must know that the component is especially made or adapted for infringing the patent. But Uniloc has not pled any factual allegations supporting those elements.

For these reasons, Box moves to dismiss Uniloc's Amended Complaint.

## II.     STATEMENT OF RELEVANT FACTS

### A.     Uniloc's Failed Litigation Campaigns Against Box

Uniloc's present lawsuit against Box is the latest in a series of unsuccessful lawsuits in which Uniloc has asserted dubious patents against Box.

Uniloc filed its first round of litigation against Box on August 2, 2016 in the Eastern District of Texas, asserting three patents, U.S. Pat. Nos. 6,324,578; 7,069,293; and 6,510,466. *Uniloc USA, Inc. et al v. Box, Inc.*, Case No. 2:16-cv-00860 (E.D. Tex.), *consolidated into Uniloc USA, Inc. et al v. ADP*, LLC, Case No. 2:16-cv-00741 ("Box I"). Box filed a motion to dismiss that case for failure

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

to state a claim under 35 U.S.C. § 101 and for improper venue. While that motion was pending, Uniloc voluntarily dismissed its claims against Box without prejudice and refiled its complaint in the Western District of Texas. *Uniloc USA, Inc. et al v. Box, Inc.*, Case No. 1:17-cv-00755 (W.D. Tex.). Shortly thereafter, the Eastern District Box I court granted another defendant's motion to dismiss under Section 101, and on that basis Uniloc agreed to dismiss the Western District action against Box. *Uniloc USA, Inc. et al v. ADP*, LLC, Case No. 2:16-cv-00741, Dkt. No. 267 (E.D. Tex. Sept. 28, 2017).

While Box I was pending, Uniloc initiated a second patent litigation against Box in the Eastern District of Texas on March 6, 2017, asserting one patent, U.S. Pat. No. 6,110,228. *Uniloc USA, Inc. et al v. Box, Inc.*, Case No. 2:17-cv-00173 (E.D. Tex.) ("Box II"). Again, Box filed motions to dismiss under Section 101 and for improper venue, and again Uniloc voluntarily dismissed its claims against Box without prejudice and refiled its complaint in the Western District of Texas. *Uniloc USA, Inc. et al v. Box, Inc.*, Case No. 1:17-cv-00754 (W.D. Tex.). Box filed yet another motion to dismiss under Section 101 in the Western District, as well as a motion to transfer venue to the Northern District of California.  The court granted Box's motion to transfer to the Northern District, but shortly after transfer, another district court held that the asserted claims of the '228 patent were directed to ineligible subject matter under 35 U.S.C. § 101. *Uniloc, USA Inc. v. Big Fish Games, Inc.*, Case No. 17-cv-01183-RAJ, Dkt. No. 55 (W. D. Wash., June 19, 2018). Uniloc and Box agreed to stay the Box II case pending the outcome of Uniloc's appeal of that decision.

**B.    Uniloc's Amended Complaint**

Uniloc filed its complaint in this action—its third round of patent litigation against Box—on June 8, 2018. (Dkt. No. 1.) The parties stipulated under L.R. 6-1(a) to extend the date for Box to respond to Uniloc's complaint to September 21, 2018. (Dkt. No. 16.) On September 5, 2018, Uniloc filed its Amended Complaint. (Dkt. No. 18.)

Uniloc's Amended Complaint asserts that Box commits direct infringement, inducement, and contributory infringement of claims 1, 9, 17, 25, 33, and 41 ("the asserted claims") of the '345 patent. (Amended Complaint ¶¶ 9-17.) The '345 patent generally relates to "[a] method and system

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   for replacing substrings in file and directory pathnames with numeric tokens." (Dkt. No 2, Ex. A,

2   Abstract.) In particular, claim 1 of the '345 patent recites:

3   　1. A method for replacing substrings in file and directory pathnames with tokens in a
　　computer-implemented file system, comprising the acts of:

4   　　reading a name string to be converted into a list of tokens;
　　canonicalizing a current working directory and the name string to form a

5   pathname containing a plurality of substrings;
　　parsing the pathname and replacing each substring with an associated token;

6   and

7   　　validating the parsed pathname containing the list of tokens.

8   (Dkt. No 2, Ex. A, claim 1.)

9   　Uniloc's Amended Complaint includes only sparse allegations. For direct infringement,

10  Uniloc broadly defines "Accused Products" as "Box content management and file sharing software,

11  including Business, Individual and Enterprise Editions," asserts that the Accused Products perform a

12  paraphrased description of the elements of claim 1, and asserts that Box directly infringes by selling

13  the Accused Products:

14  　10. Box manufactures, uses, sells, offers for sale and/or imports into the United States
　　the Box content management and file sharing software, including Business,

15  　Individual and Enterprise Editions (the "Accused Products"), which replace
　　substrings in file and directory pathnames with tokens by reading a name string to be

16  　converted into a list of tokens, canonicalizing a current working directory and the
　　name string to form a pathname that contains a plurality of substrings, parsing the

17  　pathname and replacing each substring with an associated token, and validating the
　　parsed pathname containing the list of tokens.

18

19  　11. Box has directly infringed, and continues to directly infringe, one or more claims
　　of the '345 Patent in the United States during the pendency of the '345 Patent,

20  　including claims 1, 9, 17, 25, 33, and 41 literally and/or under the doctrine of
　　equivalents, by or through making, using, offering for sale, selling and/or importing

21  　the Accused Products.

22  (Amended Complaint ¶¶ 10-11.) The assertion regarding the functionality of the Accused Products

23  merely paraphrases the elements of claim 1. (*Compare* Amended Complaint ¶ 10 *with* Dkt. No. 2,

24  Ex. A, claim 1.) But the Amended Complaint lacks any factual allegations as to how the Accused

25  Products meet the elements of claim 1, or any other claim of the '345 patent.

26  　For induced infringement, Uniloc's Amended Complaint alleges:

27  　13. Box has indirectly infringed, and continues to indirectly infringe, claims 1, 9, 17,
　　25, 33, and 41 of the '345 Patent in the United States by, among other things, actively

28  　inducing the using, offering for sale, selling and/or importing the Accused Products
　　having the functionality described in this Count. Box's customers who use such the

No.: 3:18-CV-03432 JST　　　　　　　– 4 –

DEFENDANT'S MOTION TO DISMISS

Accused Products in accordance with Box's instructions directly infringe claims 1, 9, 17, 25, 33, and 41 of the '345 Patent in violation of 35 U.S.C. § 271. Box directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.box.com

- https://developer.box.com/reference
- https://community.box.com/t5/Managing-Files-and-Folders/Rename Files-And-Folders/ta-p/50467

- https://support.myharmony.com/en-us/compatibility

Box is thereby liable for infringement of the '345 Patent under 35 U.S.C. § 271(b).

(Amended Complaint ¶ 13.) But the Amended Complaint lacks any factual allegations as to how Box's customers directly infringe the '345 patent, and, therefore, how Box specifically intends to cause its customers to infringe.

Lastly, for contributory infringement, Uniloc's Amended Complaint alleges:

Box has indirectly infringed, and continues to indirectly infringe, claims 1, 9, 17, 25, 33, and 41 of the '345 Patent in this District and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Products, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '345 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. Box is thereby liable for infringement of the '345 Patent under 35 U.S.C. § 271(c).

(Amended Complaint ¶ 14.) Again, these allegations are unaccompanied by any allegations as to how Box's customers directly infringe the '345 patent. Moreover, the Amended Complaint does not identify any "component" of the Accused Products that Box allegedly knows to be adapted for use in infringing the '345 patent, nor does the Amended Complaint include any factual allegations to support this assertion regarding Box's knowledge. (*Id.*)

On September 11, in an effort to avoid wasting the resources of this Court and the parties, Box sent Uniloc a letter detailing the pleading deficiencies in Uniloc's Amended Complaint and requesting that Uniloc either dismiss its complaint or file an amended complaint that resolved the pleading deficiencies. (Declaration of Seth B. Herring, Ex. A.) Uniloc did not respond to Box's letter. (Declaration of Seth B. Herring ¶ 2.)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **III.ARGUMENT**

2        **A.**      **Legal Standard For A Motion To Dismiss Under Rule 12(b)(6)**

3       A party may move for dismissal of an action for failure to state a claim upon which relief can

4  be granted. FED. R. CIV. P. 12(b)(6). A complaint must contain "a short and plain statement of the

5  claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court in

6  *Twombly* made clear that Rule 8 requires that a complaint must include "enough facts to state a

7  claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In *Iqbal*, the Supreme Court

8  clarified that the *Twombly* plausibility pleading standard applies to "all civil actions." *Iqbal*, 129 S.

9  Ct. at 1953. The *Iqbal* Court outlined three principles that are directly applicable to the insufficiency

10  of Uniloc's claims. First, "legal conclusions" and "[t]hread-bare recitals of the elements of a cause of

11  action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, "legal

12  conclusions couched as factual allegations" are not factual allegations. *Id.* at 1950. Third, regardless

13  of what is alleged, "the well-pleaded facts" must do more than "infer" "the mere possibility of

14  misconduct," they must "plausibly give rise to an entitlement to relief." *Id.*

15       To survive a motion to dismiss, a "complaint must plead enough factual matter that, when

16  taken as true, states a claim to relief that is plausible on its face." *In re Bill of Lading Transmission*

17  *and Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (*citing Twombly*,

18  550 U.S. at 570) (internal quotations omitted). "This plausibility standard is met when the plaintiff

19  pleads factual content that allows the court to draw the reasonable inference that the defendant is

20  liable for the misconduct alleged." *Id*. (*citing Iqbal*, 556 U.S. at 678) (internal quotations omitted).

21  "[T]he standard asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. (*citing*

22  *Iqbal*, 556 U.S. at 678) (internal quotations omitted). "A complaint that merely pleads facts that are

23  consistent with a defendant's liability stops short of the line between possibility and plausibility."

24  *Id*., 681 F.3d at 1332 (*citing Twombly*, 550 U.S. at 556) (internal quotations omitted). "[T]he tenet

25  that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

26  conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action,

27  supported by mere conclusory statements, do not suffice." *Id*.

28

1    Plaintiff's allegations of direct infringement, inducement and contributory infringement do

2    not satisfy the standard from *Twombly* and *Iqbal*.

3    **B.    The Amended Complaint Fails To State A Claim For Direct Infringement**

4    Uniloc's claim for direct infringement against Box (Amended Complaint ¶¶ 10-12) is not

5    adequately pled and should be dismissed. First, Uniloc fails to specifically identify the accused

6    products. Second, Uniloc fails to plead sufficient factual matter that states a claim for direct

7    infringement that is plausible on its face.

8    The Amended Complaint purports to define the "Accused Products" as "Box content

9    management and file sharing software, including Business, Individual and Enterprise Editions."

10   (Amended Complaint ¶ 10.) This broad definition, which nearly encompasses the entirety of Box's

11   business, falls far short of providing an "allegation that certain named and specifically identified products

12   or product components also do what the patent does," and thus fails to raise "a plausible claim that the

13   named products are infringing." *Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-2114 JF, 2010 WL 889541,

14   at *6 (N.D. Cal. Mar. 11, 2010). For example, in *Avocet Sports Tech., Inc. v. Garmin Intl., Inc.*, 2012

15   WL 1030031, at *2 (N.D. Cal. Mar. 22, 2012), the court found that "Plaintiff has not provided

16   sufficient 'factual content that allows the court to draw the reasonable inference' that Defendant

17   Polar is liable for direct infringement" because "Plaintiff fails to identify any of Defendant Polar's

18   **particular products, product lines, or product components** that allegedly infringed on the '427

19   Patent." *Id.* (emphasis added); *see also Lantiq N.A., Inc. v. Ralink Tech. Corp.*, 2011 WL 2600747,

20   at *5–8 (N.D. Cal. June 30, 2011) (identification of accused products lacked required specificity that

21   was directed to "categories of products" including "[a]ccess point (AP), router, Ethernet, network

22   interface controller, universal serial bus (USB), peripheral component interconnect (PCI), PCI

23   express (PCIe), and/or 802.11x products; Voice over Internet Protocol (VoIP) products, Bluetooth

24   and WiFi products; bridge, router, gateway, 802.11x and/or xDSL (digital subscriber line) products"

25   because "[t]hese lists of products … are not specific and do not identify any single product by name

26   or number."). Likewise, the Amended Complaint's vague and expansive assertion against categories

27   of accused products—"Box content management and file sharing software, including Business,

28   Individual and Enterprise Editions"—fails to identify particular products or any accused features.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Second, the infringement allegations in the Amended Complaint are devoid of any facts and

2    completely conclusory. In particular, Uniloc's Amended Complaint does nothing more than allege

3    that the Accused Products meet a paraphrased recitation of the elements of claim 1 of the '345

4    patent. (*Compare* Amended Complaint ¶ 10 (alleging that the Accused Products "replace substrings

5    in file and directory pathnames with tokens by reading a name string to be converted into a list of

6    tokens, canonicalizing a current working directory and the name string to form a pathname that

7    contains a plurality of substrings, parsing the pathname and replacing each substring with an

8    associated token, and validating the parsed pathname containing the list of tokens" *with* Dkt. No. 2,

9    Ex. A, claim 1.) Uniloc has pled no facts to support this naked allegation that the Accused Products

10   meet these claim elements. Uniloc's copying of the claim language is a legal conclusion, not entitled

11   to any deference, and its claim for direct infringement should be dismissed. *See N. Star Innovations,*

12   *Inc.* 2017 WL 5501489, at *2; ("[A] patentee cannot meet its obligation to assert a plausible claim of

13   infringement under the *Twombly/Iqbal* standard by merely copying the language of a claim element,

14   and then baldly stating (without more) that an accused product has such an element. That amounts to

15   little more than a conclusory statement that 'Your product infringes my patent claim.'"); *see also*

16   *California Inst. of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.*, 2010 WL

17   3063132, at *1–2 (N.D. Cal. Aug. 3, 2010) (granting motion to dismiss complaint for patent

18   infringement that "merely reiterates the bare elements of patent infringement" and "fails to allege

19   with any specificity what [the accused product] is and how it infringes upon any of its four

20   patents.").

21       **C.      The Amended Complaint Fails To State A Claim For Inducement**

22   Liability for induced infringement requires evidence that: 1) a party took some action during

23   the time the patents in suit were in force intending to encourage or assist actions by others; 2) the

24   party was aware of the patent and knew that the acts, if taken, would constitute infringement of that

25   patent or the party believed there was a high probability that the acts, if taken, would constitute

26   infringement of the patent but deliberately avoided confirming that belief; and 3) use by others of the

27   party's product infringes one or more of the asserted claims of the patent. *Power Integrations, Inc. v.*

28   *Fairchild Semiconductor Intl., Inc.*, 843 F.3d 1315, 1330 (Fed. Cir. 2016). A complaint claiming

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  inducement "must contain facts plausibly showing that [defendant] specifically intended their

2  customers to infringe the [] patent and knew that the customer's acts constituted infringement." *In re*

3  *Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012);

4  *see also Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*, No. 1:12-cv-4249, 2012 WL 5966593, at *2

5  (N.D. Ill. Nov. 28, 2012) (requiring patentee to provide factual allegations supporting specific

6  intent); *Radiation Stabilization Solutions, Inc. v. Varian Med. Sys., Inc.*, No. 11 C 7701, 2012 WL

7  3757489, at *3 (N.D. Ill. Aug. 28, 2012) (stating that patentee must show that "the alleged infringer

8  knowingly induced infringement and possessed specific intent to encourage another's

9  infringement"); *Bascom Research LLC v. Facebook, Inc.*, No. C 12-6293 SI, 2013 WL 968210, at *5

10  (N.D. Cal. Mar. 12, 2013) (explaining that acceptable inducement claims include, for example,

11  "factual allegations setting forth the similarities between the patent claims and the advertised

12  features of the [defendant's] products" (internal quotations omitted)). Uniloc's inducement claim

13  fails for two reasons.

14       First, the Amended Complaint lacks factual allegations regarding any actions Box has taken

15  that induce its customers to directly infringe. Other than alleging that Box generally instructs

16  consumers to use the Accused Products through "training videos, demonstrations, brochures,

17  installation and/or user guides" (Amended Complaint ¶ 13), Uniloc fails to cite or attach any specific

18  videos or documents, and does not recite any facts that explain how these "training videos,

19  demonstrations, brochures, installation and/or user guides" specifically instruct its customers to

20  practice the asserted claims of the '345 patent.

21       Second, Uniloc also fails to sufficiently plead Box's specific intent to cause infringement.

22  Specific intent requires inducing consumers to commit acts with the knowledge that those acts

23  constitute patent infringement. *See Bill of Lading*, 681 F.3d at 1339. Here, Uniloc only alleges Box's

24  knowledge of the '345 patent via Uniloc's filing of this action. (Amended Complaint ¶ 15). As an

25  initial matter, this allegation is inadequate because it fails to plead pre-litigation knowledge of the

26  '345 patent. *See IPVenture, Inc. v. ASUS Computer Intl.*, 2013 WL 12173913, at *2–3 (N.D. Cal.

27  May 6, 2013) (dismissing claims for indirect infringement because complaint failed to adequately

28  plead "Defendant's pre-litigation knowledge of the patents."). Furthermore, Uniloc fails to explain

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  how Box's alleged knowledge of the '345 patent translates into an intent to have its customers

2  infringe. Indeed, the absence of any allegations as to how Box's customers directly infringe

3  necessarily precludes the requisite specificity as to how Box intends its unspecified inducing acts to

4  cause direct infringement.

5          Third, the Amended Complaint includes no factual allegations on how Box's customers

6  directly infringe. A claim for inducement requires a direct infringement by third party. *See, e.g.*,

7  *Power Integrations*, 843 F.3d at 1330 ("[E]stablish[ing] active inducement of infringement" includes

8  showing "that others directly infringe the claim."); *Bill of Lading*, 681 F.3d at 1333 ("It is axiomatic

9  that '[t]here can be no inducement or contributory infringement without an underlying act of direct

10 infringement.'"); *see also Avocet Sports Tech., Inc. v. Garmin Intl., Inc.*, 2012 WL 1030031, at *2

11 (N.D. Cal. Mar. 22, 2012) (finding that "Plaintiff has not sufficiently … induced infringement" in

12 part because "Plaintiff has not alleged any facts to suggest that there was direct infringement by a

13 third party."). This absence of any particularized allegations as to how Box's customers directly

14 infringe renders Uniloc's inducement allegation effectively meaningless.

15         District courts routinely dismiss improper inducement claims—like Uniloc's—that fail to

16 plead sufficient factual allegations that the defendant encourages specific infringing acts by third

17 parties and that the defendant intends to cause infringement through such encouragement.

18 *See Grobler v. Sony Computer Entm't Am. LLC*, No. C 12-1526 LHK, 2013 WL 308937, at *2 (N.D.

19 Cal. Jan. 25, 2013); *U.S. Ethernet Innovations, LLC v. Netgear, Inc.*, 2013 WL 4112601, at *2 (N.D.

20 Cal. Aug. 12, 2013) (dismissing claims for indirect infringement because "USEI has not adequately

21 plead that Netgear knew that these acts would constitute patent infringement"). In *Grobler*, the court

22 explained that although plaintiff alleged knowledge of the patent and "alleged facts sufficient to

23 support an inference that [the defendant] intend[ed] its customers to download rental movies," this

24 generalized proposition could not "plausibly support an inference of intent" to cause specific

25 infringing acts. *Grobler*, 2013 WL 308937, at *3. Similarly, Uniloc here only alleges that Box

26 knows of the '345 patent, through Uniloc's filing of this action, and encourages its customers to use

27 the Accused Products. These allegations are insufficient to support a claim of inducement.

28

**D.      The Amended Complaint Fails to State A Claim For Contributory Infringement**

Liability for contributory infringement requires a sale or offer for sale of components that are (a) material to practicing the claimed invention, (b) not suitable for "substantial noninfringing use," and (c) known by the alleged infringer "to be especially made or especially adapted for use in an infringement of such patent." *Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)); *see also Mouldtec*, 2012 WL 5966593, at *3 (analyzing contributory infringement pleading "element by element"). Plaintiff's contributory infringement claim fails for two reasons.

First, Uniloc does not allege any facts regarding why or how the Accused Products lack substantial non-infringing uses; instead, the Amended Complaint merely states that an unspecified "component" of the Accused Products is "especially adapted for use in infringing the '345 Patent," is "not a staple article or commodity of commerce," and lacks "substantial non-infringing use." (Amended Complaint ¶ 15.)  Because the Amended Complaint contains a legal conclusion of no substantial non-infringing use without supporting factual allegations, it fails to state a claim for contributory infringement. *See Mouldtec*, 2012 WL 5966593, at *3 (dismissing contributory infringement because counterclaimant "failed to provide any factual allegation to support that there are 'no substantial non-infringing uses' as required"); *IpVenture, Inc. v. Cellco P'ship*, No. C 10-4755 JSW, 2011 WL 207978, at *3 (N.D. Cal. Jan. 21, 2011) (rejecting contention that "bare recitation of the elements of the claim [is] sufficient" and dismissing indirect infringement claims); *Select Retrieval, LLC v. Bulbs.com Inc.*, No. 12-cv-10389-TSH, 2012 WL 6045942, at *5 (D. Mass. Dec. 4, 2012) (dismissing complaint that merely "recite[s] the statutory elements of an indirect infringement claim").

Second, Uniloc does not allege any facts regarding Box's knowledge that the Accused Products, or any component thereof, is purportedly especially made or adapted to cause Box's customers to directly infringe the '345 patent. Without allegations as to how Box's customers directly infringe the '345 patent, the allegation that Box "know[s] [an unspecified component of the Accused Products] to be especially made or especially adapted for use in infringing the '345 Patent" is meaningless. (Amended Complaint ¶ 14.) This statement is a mere legal conclusion and does not

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   suffice to plead contributory infringement. *See Addiction and Detoxification Inst. L.L.C. v.*

2   *Carpenter*, 620 Fed. Appx. 934, 938 (Fed. Cir. 2015) ("Simply repeating the legal conclusion that

3   Defendants induced infringement or contributorily infringed does not plead 'factual content that

4   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

5   alleged.'"); *see also Mouldtec*, 2012 WL 5966593, at *3 (dismissing contributory infringement

6   because no allegation of knowledge that product was "especially made or especially adapted for use

7   in an infringement of such patent") (quoting *Bill of Lading*, 681 F.3d at 1337 (internal quotations

8   omitted)); *IpVenture*, 2011 WL 207978, at *3 (rejecting contention that "bare recitation of the

9   elements of the claim [is] sufficient" and dismissing indirect infringement claims); *Select Retrieval*,

10   2012 WL 6045942, at *5 (dismissing complaint that merely "recite[s] the statutory elements of an

11   indirect infringement claim").

12   **IV.    CONCLUSION**

13        Uniloc's Amended Complaint failed to allege any facts to support a plausible claim for direct

14   infringement, inducement, or contributory infringement. Instead, Uniloc has recited bare legal

15   conclusions with no specificity. Accordingly, Box respectfully requests that the Court dismiss

16   Uniloc's claims for direct infringement, inducement, and contributory infringement.

17

18   DATED: September 21, 2018             REED SMITH LLP

19

20                          By:   */s/ Seth B. Herring*
                                    John P. Bovich (CA Bar No. 150688)

21                                     jbovich@reedsmith.com
                                    Seth B. Herring (CA Bar No. 253907)

22                                     sherring@reedsmith.com
                                    REED SMITH LLP

23                                     101 Second Street
                                    Suite 1800

24                                     San Francisco, CA  94105-3659
                                    Telephone: +1 415 543 8700

25                                     Facsimile: +1 415 391 8269

26                                     Attorneys for Defendant BOX, INC.

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware