UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC 2017 LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BOX, INC.,<br><br>    Defendant. | Case No. 18-cv-03432-JST<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE**<br><br>Re: ECF No. 36 |

Before the Court is Plaintiffs' motion to dismiss this case without prejudice. ECF No. 36. Defendant Box, Inc. agrees the case should be dismissed, but asks either that dismissal be with prejudice or that Plaintiffs pay Box's attorneys' fees. The Court will grant the motion without condition.

**I. BACKGROUND**

Plaintiffs Uniloc Luxembourg, S.A. and Uniloc USA Inc. filed this patent infringement action on June 8, 2018. ECF No. 1. Plaintiffs' counsel, James J. Foster, states that he was unaware at the time the complaint was filed that Uniloc Luxembourg had, on May 3, 2018, assigned the patent-in-suit to Uniloc 2017 LLC, and that Uniloc Licensing USA LLC, rather than Uniloc USA, became the exclusive licensee on that same date. ECF No. 36-1 ¶ 4. Counsel states that he first learned of these transfers "in early July." ECF No. 40-1 ¶ 7.

Counsel took no action until two months later: On September 5, 2018, Plaintiffs filed a first amended complaint naming Uniloc 2017 LLC and Uniloc Licensing USA LLC as Plaintiffs and removing Uniloc Luxembourg. ECF No. 18. Counsel does not explain why he chose to keep Uniloc USA in the action at that time, but Uniloc USA was removed as a Plaintiff in a second

amended complaint filed on November 1, 2018.[1]  ECF No. 28.  Box filed an answer to the second amended complaint on November 15, 2018.  ECF No. 33.

The following day, "Uniloc 2017 and Uniloc Licensing USA terminated their license agreement, consolidating all rights in the patent in suit to Uniloc 2017."  ECF No. 36-1 ¶ 7.  They did so after "[a] defendant in a different action . . . argued that a May 3, 2018 license agreement between Uniloc 2017 and Uniloc USA divided the rights in the patents owned by Uniloc 2017 in such a way that neither Uniloc 2017 nor Uniloc USA had standing to sue, and thus that court lacked subject matter jurisdiction."  *Id.* ¶ 6; *see also* ECF No. 40-1 ¶ 10 ("The relevant terms of that license agreement were identical to the terms of the license agreement here, between Uniloc 2017 and Uniloc Licensing.").  Although Plaintiffs "disagree with that argument," they terminated the license agreement "to prevent a similar issue from arising in this action."  ECF No. 36-1 ¶¶ 6-7.

The same defendant in the other action "also argued, on October 25, that a defect in jurisdiction as of an action's filing date could not be cured retroactively.  [Plaintiffs' counsel] then reviewed the standing/jurisdiction issues, and . . . decided to refile this action (and all others filed between May 3 and November 16) to permanently remove any such issue. "[2]  ECF No. 40-1 ¶ 11.  On November 20, 2018, Uniloc 2017 refiled this action as the sole plaintiff in a new case, Case No. 18-cv-7038-TSH.  ECF No. 36-1 ¶ 8.  That second action was related to this one under Patent

---

[1] Plaintiffs filed their second amended complaint after Defendant Box, Inc. filed a motion to dismiss the first amended complaint.  ECF No. 20.  The Court invited Plaintiffs to do so after reviewing the briefing on Box's motion, which indicated that Plaintiffs failed to respond to Box's letter identifying what it perceived to be pleading deficiencies in the first amended complaint, and that Plaintiffs' opposition to the motion sought denial of the motion based on its submission of a "detailed infringement claim chart containing far more information than is required in a complaint."  ECF No. 26 at 1 (quoting ECF No. 22 at 7).  The Court stated that if Plaintiffs failed to file a second amended complaint, the Court would consider Box's motion to dismiss without reference to the claim chart that was extraneous to the complaint and, if the Court granted the motion to dismiss in whole or in part, it would consider whether Plaintiffs should be afforded any further leave to amend.  *Id.* at 2.

[2] In their reply brief, Plaintiffs argue that if Box had filed a motion to dismiss for lack of subject matter jurisdiction, "Uniloc 2017 would respond that FRCP Rule 15(c)(1)(B) provides that the amendment adding Uniloc 2017 relates back to the date of the original pleading; and that FRCP 17(a)(3) would bar dismissal because Uniloc 2017, as the real party in interest, was substituted.  But the refiling seems to have resolved the standing/jurisdictional issue, once and for all."  ECF No. 40 at 2.

2

Local Rule 2-1(a)(3) because both cases "concern the same patent and were filed by the same plaintiff within two years of each other." ECF No. 38.

Box's counsel, Seth Herring, declares that one day prior to the filing of the new action, Michael Ercolini, a different counsel for Plaintiffs, contacted him to request stipulation of dismissal of this case without prejudice. ECF No. 39-1 ¶ 2. Herring states that he asked Ercolini "why Uniloc could not just simply replace the incorrect plaintiffs with the correct plaintiffs in an amended complaint." *Id.* Ercolini initially responded that he did not know, but he answered in the affirmative when Herring "asked if it was because Box had already answered the complaint." *Id.* "Mr. Ercolini did not mention the timing of the May 3 assignment from Uniloc Lux to Uniloc 2017 or the change in exclusive licensees." *Id.* On November 26, 2018, Herring responded to Plaintiffs' request by email, stating that Box would "agree to stipulate to dismissal of [this action] if Uniloc agrees to pay Box's legal fees for [this] case." ECF No. 39-1 ¶ 3; ECF No. 39-2.

Two days later, in an apparent rejection of that offer, Plaintiffs filed this motion seeking dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). ECF No. 36. Box "does not oppose dismissal, but requests that the dismissal be with prejudice. In the alternative, Box requests an order compelling Uniloc [2017 and Uniloc Licensing USA] to pay Box's attorneys' fees incurred in litigating this action." ECF No. 39 at 1.

## II. LEGAL STANDARD

If a defendant has filed an answer or a motion for summary judgment and does not stipulate to dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[3] Fed R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.*

"When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Such prejudice "does not

---

[3] Neither party provided any briefing on the relevant factors for this Court to consider when determining whether to dismiss with or without prejudice. Nor did the parties discuss when, if at all, an award of attorneys' fees would be proper. Indeed, Plaintiffs' reply fails to discuss Box's request for fees at all. See ECF No. 40.

3

result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). To the contrary, "legal prejudice is just that – prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist.*, 100 F.3d at 97. This can include, for example, "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense" or an inability to conduct sufficient discovery to present an adequate defense. *Id.* When determining whether to dismiss with or without prejudice, courts may also consider: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (alteration and citation omitted).

A district court may, but is not required to, condition dismissal without prejudice on payment of costs and attorneys' fees. *Westlands Water Dist.*, 100 F.3d at 97. In determining whether to do so, "courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams*, 227 F.R.D. at 540 (footnote omitted) (quoting 8 James Wm. Moore et al., *Moore's Federal Practice* ¶ 41.40[10][d][i]). Any fee award must be limited to "attorneys [sic] fees or costs for work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

**III.  DISCUSSION**

The parties agree that this case should be dismissed. They dispute: (1) whether the case should be dismissed with or without prejudice and (2) whether attorneys' fees should be awarded if the case is dismissed without prejudice.

Considering the relevant factors, the Court first notes that this case is at an early stage. Plaintiffs filed their motion for voluntary dismissal less than two weeks after Box filed an answer. The record is unclear as to whether any discovery has been conducted. However, the complaint in Case No. 18-cv-07038 is nearly identical to the complaint in this case, with the exception of the

4

plaintiffs' identity. *Compare* ECF No. 28 *with* Case No. 18-cv-07038, ECF No. 1. Thus, even if there has been some discovery, such discovery would appear to be relevant to the new action.[4]

The Court agrees with Box that Plaintiffs' counsel could and should have been aware of the fact that the clients for which it initially filed suit had no ownership or licensing rights at the time the case was filed. Box suggests that Plaintiffs' counsel could have obtained such information by, for example, "checking the publicly-available USPTO assignment records, sending the complaint to Uniloc for review, or simply asking their own client to confirm the ownership of the patent." ECF No. 39 at 5. Their failure to do so indicates a lack of diligence. But, by the same token, Box also could have checked USPTO assignment records and admits that, in November 2018, it "performed its own research into Uniloc's standing, and discovered the issues described" in Box's opposition brief. *Id.* at 3. Box did not earlier perform such research, which might have prompted it to file a motion to dismiss for lack of subject matter jurisdiction. Thus, any prejudice Box claims based on delay is, at least to some extent, self-inflicted.

Additionally, Plaintiffs amended their complaint to add Uniloc 2017 and Uniloc Licensing USA two months after counsel states that he learned of the May 3, 2018 transfer agreement. Plaintiffs filed the new action and sought dismissal of this one within one month of learning that a defendant in a different case challenged Plaintiffs' ability to cure a lack of subject matter jurisdiction by substituting Uniloc 2017 as a party. Plaintiffs "could have sought dismissal sooner than they did, but they were not dilatory." *Westlands Water Dist.*, 100 F.3d at 97 (finding plaintiffs not dilatory where they "moved for a preliminary injunction five days after they filed their complaint," "attempted to obtain a stipulated dismissal without prejudice within three months after the district court denied their motion for a preliminary injunction," and filed their motion for voluntary dismissal without prejudice "[w]ithin a month after those efforts failed, and before the defendants filed their motions for summary judgment").

It is not clear whether Plaintiffs needed to file a new action, or whether Plaintiffs are

---

[4] Box also requests dismissal of Case No. 18-cv-7038 but has not filed a motion in that case. Nor has Box cited any authority for the proposition that a voluntary dismissal under Rule 41(a)(2) may be conditioned on dismissal of a separate lawsuit.

5

correct that the initial defect in subject matter jurisdiction could have been cured by substituting Uniloc 2017 as a party. However, Plaintiffs chose to file a new action rather than litigate the jurisdictional issue. Box does not contend that the Court lacks subject matter jurisdiction over Case No. 18-cv-07038. Nor has Box presented any argument as to how it will suffer legal prejudice if this case is dismissed without prejudice and Box is forced to litigate the subsequently filed case. The Court will therefore dismiss this case without prejudice.

The two cases that Box cites in support of dismissal with prejudice are distinguishable. One case concerned a court's authority to sanction "a party who has despoiled evidence," which is not alleged here. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). In the second case, the court declined to grant a request for voluntary dismissal where the plaintiff "alleged that she had breast cancer when she knew that she did not" and there were "no triable issues of fact as to [the plaintiff's] claims against defendants." *Gonzalez v. Texaco, Inc.*, No. C 06 02820 WHA, 2007 WL 2255217, at *3 (N.D. Cal. Aug. 3, 2007). While Box disputes Plaintiffs' claims on the merits, no one suggests the underlying patent infringement claim was concocted from whole cloth.

Turning to Box's request for attorneys' fees, the Court notes that Box cites no authority for such an award, nor does it request an award of any specific amount. In addition, Box does not discuss the critical question of whether the time it has spent litigating this case is "useful in continuing litigation between the parties." *Koch*, 8 F.3d at 652. Box also does not discuss whether any fees it incurred in litigating this case were avoidable. *See Westlands Water Dist.*, 100 F.3d at 97-98 ("The district court also may wish to delete any award of costs and fees attributable to the defendants' summary judgment motions, if the court concludes those costs and fees might have been avoided if the defendants had waited to file their summary judgment motions and responded initially to the [plaintiffs'] motion for voluntary dismissal."). Consequently, although Plaintiffs' litigation conduct has been far from ideal, Box has not persuaded the Court that dismissal should be conditioned on the payment of its fees.

/ / /

/ / /

/ / /

**CONCLUSION**

Plaintiffs' motion for voluntary dismissal of this case without prejudice is granted, without conditions.

**IT IS SO ORDERED.**

Dated: December 27, 2018


_____
JON S. TIGAR
United States District Judge